**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04996-NYW

MAYNOR MAIRENA TORRES,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
DAVID J. VENTURELLA, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. 1]. Respondents filed a consolidated Response to the Petition on October 14, 2026, stating that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 7]. For the reasons set forth in this Order, the Petition is respectfully **GRANTED.**

**BACKGROUND**[1]

Petitioner Maynor Mairena Torres ("Petitioner") is a citizen of Nicaragua who entered the United States on or about January 2022 without inspection. [Doc. 1 at 5]. Petitioner's application for asylum was denied in 2022. [*Id.*]. According to Petitioner, he was arrested by local law enforcement, and the resulting criminal case remains pending. [*Id.*]. On June 24, 2026, he was arrested by ICE and transferred to custody at the Aurora

---

[1] The following facts are undisputed unless otherwise noted.

Detention Facility. [*Id.*]. Petitioner alleges that he was arrested without a warrant and was "never was notified with the reasons of [his] detention, and to date [he] never got the reasons for [his] arrest." [*Id.* at 5, 6]. On August 5, 2026, Petitioner's request for a bond hearing was withdrawn, and on August 19, 2026, an immigration judge ordered Petitioner removed from the United States to Nicaragua. [*Id.* at 6]. Petitioner appealed this decision to the Board of Immigration Appeals on September 10, 2026. [*Id.*].[2]

Petitioner asserts three claims for relief: (1) "I was arrested by DHS/ICE without a warrant of arrest. It violates *Ramirez Ovando v. Noem*, 819 F. Supp.3d 1209 (D. Colo. 2025);" (2) "My warrantless arrest violates the Fourth Amendment;" and (3) "Violation of the Due Process under the Fifth Amendment and the Immigration and Nationality Act (INA), and the INA's implementing Regulations." [*Id.* at 5]. As relief, Petitioner requests an order requiring Respondents to immediately release him from their custody. [*Id.* at 9]. Respondents submit that "appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." [Doc. 7 at 2].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was

---

[2] Respondents do not contest this assertion or argue that Petitioner is subject to a final order of removal. [Doc. 7]. Accordingly, because an appeal of the removal order remains pending, Petitioner's order of removal is not administratively final. See 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."); *Hidalgo Anazco v. Baltazar*, No. 26-cv-01133-PAB, 2026 WL 1004485, at *1 (D. Colo. Apr. 14, 2026).

"fundamentally legal in nature").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**ANALYSIS**

There is no dispute that Petitioner is held pursuant to 8 U.S.C. § 1226(a). *See* [Doc. 1 at 7; Doc. 7 at 1 (Respondents conceding that they "are not submitting a brief in opposition to the Petition" and therefore not disputing Petitioner's assertion that § 1226(a) governs his detention)]; *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and

detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *accord, e.g.*, *J.A.C.P. v. Wofford*, No. 1:25-cv-01354-KES-SKO (HC), 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *Ahmed M. v. Bondi*, No. 25-cv-04711-ECT-SGE, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). It follows, then, that "[i]f the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see also Jennings*, 583 U.S. at 302 ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

This is consistent with Department of Homeland Security regulations permitting immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear ("NTA"). *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings once a warrant and NTA have issued), *appeal docketed sub nom.*, *Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026). At least one court held that respondents failed to show an arrest warrant preceded a petitioner's arrest when it was dated the same date of the petitioner's arrest but was served at an ICE detention center shortly after the petitioner was detained. *Juan J.M.E. v. Easterwood,* 2026 WL 1746672, at *3 (D. Minn. Jun 8, 2026), *report and recommendation adopted sub nom. Juan M.E. v. Easterwood,* 2026 WL 1747756 (D.

Minn. June 17, 2026). *See also Ramirez Ovando,* 810 F. Supp.3d at 1226 (rejecting argument "that an I-200 warrant issued either *after* or *concurrent* with an arrest without an assessment of individual flight risk transforms an unlawful warrantless arrest into a lawful, warranted one.") (citations omitted).

Without a warrant, the Government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216–17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).[3] Courts have found that the warrantless arrest of a non-citizen is unlawful where respondents fail to demonstrate that the arrest was authorized under § 1357(a). *See e.g., Morelos Valdovinos v. Noem*, Civil Action No. 26-cv-0338 JB/DLM, 2026 WL 948285, at *6 (D.N.M. Apr. 8, 2026) (finding that respondents lacked statutory authority for petitioner's arrest without a warrant where "[n]othing in the record suggests that either

---

[3] In the context of pretrial detention under the Bail Reform Act, the Tenth Circuit has observed that a defendant cannot be detained based on a risk of flight due solely to their status as a removable non-citizen. *See United States v. Sanchez-Rivas*, 752 F. App'x 601, 604 (10th Cir. 2018) (citing *United States v. Ailon-Ailon*, 875 F.3d 1334, 1338 (10th Cir. 2017)). This is equally applicable in this context, because otherwise, the two requirements of 8 U.S.C. § 1357(a)(2) would collapse into one.

statutory condition – reasonable belief of a violation or likelihood of escape – was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a warrantless arrest"); *Matovu v. Mullin*, 2026 WL 1387476, at *3 (W.D. Okla. May 18, 2026) (finding that respondents' warrantless arrest was unlawful where "Respondents introduced no evidence and, as such, failed to establish that they had reason to believe Petitioner was likely to escape before a warrant could be obtained for his arrest") (alteration, internal quotation, and citation omitted). Finally, once an officer makes a warrantless arrest, the Government generally must make a custody determination within 48 hours and decide "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

The record before this Court demonstrates that the Government did not comply with these requirements when arresting and detaining Petitioner. The Petition alleges that Petitioner "was arrested irregularly and illegally without a warrant of arrest at the moment of [ ] detention." [Doc. 1 at 6]. Respondents do not address this issue at all in their Response. *See* [Doc. 7]. Respondents also do not provide any argument or set forth any evidence indicating that Petitioner's arrest without a warrant was proper under § 1357(a). They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

Accordingly, the Court finds that Respondents did not comply with the requirements of 8 U.S.C. §§ 1226(a) and 1357(a) when arresting and detaining Petitioner.

The Petition is therefore respectfully **GRANTED.** The Court will order Petitioner released, because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3). *See also Morelos Valdovinos*, 2026 WL 948285, at *7 (ordering petitioner's released based on "a growing body of decisions holding that when DHS detains a noncitizen under § 1226(a) without a warrant and without satisfying § 1357(a)(2), the detention is unlawful from the outset and immediate release is required") (collecting cases).

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED**;

(2) Within **48 hours** of this Order, Respondents **SHALL RELEASE** Petitioner from custody; and

(3) On or before **October 26, 2026**, Respondents **SHALL FILE** a status report confirming that Petitioner was released.

DATED: October 19, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge